(14 Misc. Rep. 159.)

CONSTABLE et al. v. HARDENBERGH et al.

(Supreme Court, Special Term, New York County.   October, 1895.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—WITHHOLDING ASSETS BY ASSIGNOR.
Where the assignor, in contemplation of the assignment, takes from the assets money for the use of his family, though in good faith and on the advice of counsel, and without any intent on his part to defraud the creditors, the assignment is void.

Action by James M. Constable and others against Matthew Hardenbergh and others to set aside an assignment for benefit of creditors.   Judgment for plaintiffs.

For decision on defendants' application for a bill of particulars, see 27 N. Y. Supp. 1022.

Epstein Bros., for plaintiffs.
Henry S. Rosquin, for defendants.

DAVY, J.   On the 18th day of July, 1893, Matthew Hardenbergh and George H. Kelly, composing the firm of Hardenbergh & Co., executed an assignment of all their property, both real and personal, in trust to Hugo Hirsh, to convert the same into money, and, after paying the lawful expenses of the trust, to pay their partnership debts in the order specified in the assignment.   The plaintiffs, who are judgment creditors of the firm, bring this action to set aside the assignment upon the ground that it was made with intent to hinder, delay, and defraud the creditors of said assignors, and to have the assets of the assigned estate applied to the payment of their debt.   Both the assignors and assignee respectively appeared and answered in the action, and denied all the allegations contained in the complaint imputing fraud to them.   There are three specific acts of fraud on the part of the assignors alleged in the complaint, and established, as the plaintiffs contend, by the evidence; but I do not deem it necessary, however, to discuss but one of them.   It appears from the evidence that the assignors, just prior to making

the assignment, and in contemplation thereof, took from the firm assets, and appropriated to their own use, about $500. They admit the taking of the money, but attempt, however, to justify the act upon the ground that the money was necessary for the immediate need of their families, and that they appropriated it in good faith, upon the advice of counsel, without any intent on their part to defraud the creditors. The answer to this contention is that the firm assets which they took belonged to their creditors, and the intentional appropriation of the money, in contemplation of the assignment, however innocent and plausible may have been the pretense, constituted in law a fraud upon the creditors. The law does not contemplate that a debtor in failing circumstances, when he makes an assignment for the benefit of his creditors, shall retain a portion of the assets upon the pretext that he needs the money to support his family until he can find employment or engage in some other enterprise. If such a power was vested in the discretion of the insolvent, it would be a most dangerous precedent to establish, because, if he was clothed with a discretionary power to retain from the assets a sum necessary to support his family for a brief period, it would be a discretion that in most cases would not be judicially exercised, and would prove disastrous to the rights of the creditors. The mere fact that they received such advice from counsel furnishes no excuse for the unlawful act. By the terms of the assignment they were required to turn over to the assignee all of their property except such as was specifically exempt by law from levy and sale on execution. The schedule, which purports to contain a full and true statement of all the assets, does not include the $500. It is, therefore, a false schedule, and made so intentionally. The natural effect of this false inventory tended to mislead and deceive the creditors, and to induce them to accept a smaller sum than they otherwise would if the inventory had contained a true statement of all the assets. The intentional taking of the money prevented the legal distribution of all the assignors' property among the creditors, and thereby hindered, delayed, and defrauded them in the collection of their debts. Shulz v. Hoagland, 85 N. Y. 465. It is a rule well settled that "every party must be deemed to have intended the natural and inevitable consequences of his acts; and where his acts are voluntary, and necessarily operate to defraud others, he must be deemed to have intended the fraud." It was held in Coursey v. Morton, 132 N. Y. 556, 30 N. E. 231, that "an intentional withholding and secreting by the assignors of assets of a substantial value from the possession of the assignee is a fraud upon the rights of the creditors of the assignor, and renders a general assignment for the benefit of creditors void." I am inclined to think that if the rule laid down by the court of appeals in the case last cited is applied to the facts in this case, the assignment cannot be upheld, but must be vacated, and set aside, on the ground that it is fraudulent and void as against the creditors of the assignors. The plaintiffs, therefore, may have judgment vacating the assignment, with costs, to be paid out of the assets in the hands of the assignee.